IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

      v.                                                17-CR-157-A

GIOVANI HORNEA,

                Defendant.
_____

## GOVERNMENT'S RESPONSE TO
## DEFENDANT'S SENTENCING MEMORANDUM

The government responds to Defendant's Sentencing Memorandum and recommends that the Court sentence the defendant to a guideline sentence of 33 to 41 months.

## PRELIMINARY STATEMENT

On September 18, 2017, the defendant plead guilty to a one-count Information charging a violation of Title 18 United States Code, Section 1349 (Conspiracy to Commit Bank Fraud). The parties agreed that the defendant's adjusted offense level is 18 and his criminal history category is III, resulting in a guideline range of 33 to 41 months. (Dkt. 27 at ¶11). Both the defendant and the government agreed not to advocate for or recommend a sentencing outside the guideline range in the plea agreement. (Id. at ¶12).

## DISCUSSION

Title 18, United States Code, Section 3553(a) requires that this Court "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in

[18 U.S.C. § 3553(a)(2)]." In determining the sentence, this Court must consider the following:

    (1) the nature and circumstances of the offense and the history and characteristics of the defendant;

    (2) the need for the sentence imposed--

        (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

        (B) to afford adequate deterrence to criminal conduct;

        (C) to protect the public from further crimes of the defendant; and

        (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

    (3) the kinds of sentences available;

    (4) the kinds of sentence and the sentencing range established for--

        (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines--

            (i) issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

            (ii) that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; or

        (B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code, taking into account any amendments made to such guidelines or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28);

(5) any pertinent policy statement--

    (A) issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

    (B) that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced.

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

## A Guideline Sentence in this Case Is Sufficient but Not Greater than Necessary to Achieve the Purposes of 18 U.S.C. 3553

The defendant was part of a large ring of suspects involved in a scheme to defraud Bank of America. Although HORNEA joined this conspiracy later than his co-defendant Nicolae Sarbu, HORNEA's participation in this scheme involved approximately 200 hundred bank accounts whereby a means of identification of the accountholders of those accounts was stolen. The factors HORNEA discussed in his sentencing memorandum were taken into consideration when a plea offer was made to him, and he received in a charge bargain in this case, allowing him to avoid the mandatory two-year consecutive sentence with aggravated identity theft charges involving the customers for each of these accounts. In particular, the government considered the fact that HORNEA is serving a state sentence and that the time since his arrest on this charge may not count toward his federal sentence. Defendant

3

HORNEA notes that his co-defendant Sarbu received a 25-month sentence (Dkt. 35, p. 2), however, he fails to note that Sarbu's guideline range under his plea agreement was 51 to 57 months, and the government included a section in the plea agreement recommending a 5K1.1 downward departure due to his substantial assistance. (*See*, 17-CR-8, Dkt. 22).

HORNEA'S history and characteristics suggest that a guideline sentence is appropriate in this case. This is not the defendant's first encounter with the criminal justice system. The defendant is only 21 years old and yet he has repeatedly been arrested for theft related crimes. (See PSR ¶ 37 – ¶ 48). Several of those charges currently remain pending following the issuance of warrants for his arrest. It appears that the defendant was not returned to some of those jurisdictions as he continued to be arrested due to his transient lifestyle. It should also be noted that it appears that HORNEA was involved in similar conduct involving the use of skimmers in Gainesville, Florida in 2013 and in Fort Bend County, Texas in 2016. (See PSR ¶ 42 and ¶ 42).

## CONCLUSION

For all these reasons, a guideline sentence is sufficient but not greater than necessary to comply with the purposes set forth in 18 U.S.C. 3553(a). A guideline sentence in this case is appropriate based upon the nature and circumstances of defendant's offense conduct and the seriousness of his crimes, is necessary to promote respect for the law and just punishment for his offenses, will afford adequate deterrence to future criminal conduct of this nature, will

protect the public, and will avoid unwarranted sentence disparities with defendants who are similar in ways that, according to the guidelines, are relevant to sentencing.

DATED: Buffalo, New York, December 15, 2017.

JAMES P. KENNEDY, JR.
United States Attorney

BY: /s/ MARIE P. GRISANTI
Assistant United States Attorney
United States Attorney's Office
Western District of New York
138 Delaware Avenue
Buffalo, New York 14202
716/843-5818
Marie.Grisanti@usdoj.gov